```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION


UNITED STATES OF AMERICA,      )
                               )
        v.                     ) CAUSE NO. 2:05 CR 40
                               )
DONALD A. SIKMA                )
```

OPINION AND ORDER

This matter is before the court on the Motion for Bill of Particulars filed by the defendant, Donald A. Sikma, on September 30, 2005. For the reasons set forth below, the motion is **DENIED**.

Factual Background

On August 17, 2005, the grand jury returned a six count superseding indictment against the defendant. Count 1 contains a background section containing 170 paragraphs covering 24 pages. The indictment alleges that the defendant purchased a nationally circulated program, the Aegis Company, designed to establish trusts to conceal income from the Internal Revenue Service.

The background details the establishment of a variety of trusts using the Sikma name and identifies payments made into and out of the various trusts. The indictment also identifies the amount and purpose of these payments.

The indictment alleges conduct beginning in 1994 and continuing until 2002. It is alleged that the defendant used the trusts to avoid his federal income tax liabilities in violation of 18 U.S.C. ß371 and 26 U.S.C. ßß7203 and 7206(1).

Although the motion requests a bill of particulars under Federal Rule of Criminal Procedure 7(f), it seeks the names of

potential witnesses, documents, and "[t]he definition of the word 'abusive' as used in paragraph 10 of the indictment . . . ."

## Discussion

Rule 7(f) provides:

> The court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice requires.

In determining whether to grant the Bill of Particulars, "[t]he standard is whether the government's indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial." **United States v. Canino**, 949 F.2d 928, 949 (7th Cir. 1991). *See also* **United States v. Fassnacht**, 332 F.3d 440, 446 (7th Cir. 2003); **United States v. Glecier,** 923 F.2d 496, 501 (7th Cir. 1991); **United States v. Andrus**, 775 F.2d 825, 843 (7th Cir. 1985).

A defendant "is only entitled to know the offense with which he is charged, not all the details of how it will be proved." **United States v. Richardson**, 130 F.3d 765, 776 (7th Cir. 1997). The indictment is not required to "detail every factual nugget necessary for conviction", nor is it required to "allege in detail the factual proof that will be relied on to support the charges." **United States v. Smith**, 230 F.3d 300, 306 (7th Cir. 2000).

In making this determination, the court is not required to consider only the indictment. The information may be provided to

2

the defendant through "some other satisfactory form."  *Canino*, 949 F.2d at 949 (the government had maintained an "open-file" policy); *Fassnacht*, 332 F.3d at 447 n.2 ("the government in this case provided the defendants with extensive pretrial discovery, giving them full access to all documentary evidence in the government's possession, thus further obviating the need for a bill of particulars"); *Glecier*, 923 F.2d at 501-02 (a "volume of documents and records" had been provided by the government during discovery).

The defendant has not alleged that he does not understand the charges against him or that he is unable to prepare for trial.  In fact, the motion does not seek a more definite statement of the charges but rather the production of documents and the identification of witnesses.  As such, the defendant should have filed a discovery request under Federal Rule of Criminal Procedure 16 after conferring with the government's attorney as required by Part I of the arraignment order issued on August 22, 2005.

Finally, the government has indicated that it has followed an open file policy in this case and that grand jury transcripts will be produced no later than one week prior to trial.  (Response filed November 14, 2005, p. 2)

_____

For the foregoing reasons, the Motion for Bill of Particulars filed by the defendant, Donald A. Sikma, on September 30, 2005 is **DENIED.**

3

ENTERED this 23rd day of November, 2005

                                          s/ ANDREW P. RODOVICH
                                             United States Magistrate Judge