```
                     UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF INDIANA
                           HAMMOND DIVISION


UNITED STATES OF AMERICA,       )
                                )
          v.                    ) CAUSE NO. 2:05 CR 40
                                )
DONALD A. SIKMA                 )
```

## OPINION AND ORDER

This matter is before the court on the Motion to Strike Portions of Count 1 of the Indictment filed by the defendant, Donald A. Sikma, on September 30, 2005. For the reasons set forth below, the motion is **DENIED**.

### Factual Background

On August 17, 2005, the grand jury returned a six count superseding indictment against the defendant. Count 1 contains a background section containing 170 paragraphs covering 24 pages. The indictment alleges that the defendant purchased a nationally circulated program, the Aegis Company, designed to establish trusts to conceal income from the Internal Revenue Service.

The background details the establishment of a variety of trusts using the Sikma name and identifies payments made into and out of the various trusts. The indictment also identifies the amount and purpose of these payments.

The superseding indictment alleges conduct beginning in 1994 and continuing until 2002. It is alleged that the defendant used the trusts to avoid his federal income tax liabilities in violation of 18 U.S.C. §371 and 26 U.S.C. §§7203 and 7206(1).

In the pending motion, the defendant seeks an order striking "successful" from paragraph 1 and "abusive" from paragraph 10 of

the superseding indictment.  The motion also seeks to exclude all of the following paragraphs: 2, 3, 4, 7, 8, 9, 10, 11(b), 12, 13, 14, and 16.  The defendant filed a brief in support of the motion.

## Discussion

Federal Rule of Criminal Procedure 7(d) allows the court to "strike surplusage from the indictment or information."

> The purpose of this provision is to protect the defendant against prejudicial allegations of irrelevant or immaterial facts.  Prosecutors have been known to insert unnecessary allegations for "color" or "background" hoping that these will stimulate the interest of the jurors. . . .  The motion is addressed to the discretion of the court . . . .  It is held that a motion to strike surplusage should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial.  This is a rather exacting standard, and only rarely has surplusage been ordered stricken. (footnotes omitted)
>
> Wright, *Federal Practice and Procedure: Criminal 3d §127* (pp. 634-39)

This issue rarely is discussed in appellate decisions, and virtually all of the cases cited in the treatise are from district courts.

The defendant challenges the use of "successful" and "abusive" from the following paragraphs:

> 1.  Donald A. Sikma, owned and operated a successful plumbing business in Northwest Indiana known as Sikma Plumbing.

\* \* \*

> 10.  For federal income tax purposes, in an abusive trust, grantors retain complete use and control over trust assets and there is no

2

>    independent trustee who exercises control
>    over the trust assets.

Neither word is unduly prejudicial.

The superseding indictment alleges that the defendant placed large sums of money in various trusts.  If the government can establish the cash flow detailed in the background section of the superseding indictment, clearly the defendant's business was "successful" which, by itself, is not a crime.

The creation of a trust is a common method of handling assets for personal, business, and estate purposes.  The allegation that the trusts created by the defendant were "abusive" merely suggests that trusts were designed to avoid income tax liabilities.  The choice of "abusive" is no more prejudicial than the use of "fraudulent" or "fictitious."

The defendant also challenges the following paragraphs:

> 2.  Each year, from 1994 through 1998, Sikma
> Plumbing Company Inc. filed tax returns that
> routinely indicated the business was generat-
> ing over one million dollars in gross re-
> ceipts each year.
>
> 3.  For the years 1999 through 2002, Sikma
> Plumbing Company Inc. did not file federal
> corporate income tax returns, Form 1120.
>
> 4.  For the years 2000 through 2002, Donald
> A. Sikma did not file federal Individual
> Income Tax Returns, Form 1040.
>
> * * *
>
> 7.  For federal income tax purposes, a trust
> is a form of ownership where the trustee
> takes title to property to conserve and pro-
> tect the property for the benefit of the
> beneficiaries.

3

8. For federal income tax purposes, in a non-grantor trust, a person or grantor places property or assets in the trust and gives up control over the property or assets.

9. For federal income tax purposes, in a legitimate trust, a trustee holds legal title to the trust property, he or she exercises control over the property and is responsible for property management for the benefit of the beneficiaries of the trust.

* * *

11. Beginning on or about March 1994 and continuing through on or about December 2002, in the Northern District of Indiana and elsewhere, DONALD A. SIKMA, defendant herein, did unlawfully, willfully and knowingly conspire, confederate and agree with individuals known and unknown to the grand jury to:

> b. commit offenses against the United States, namely: to willfully make and subscribe to United States Individual income tax returns, Form 1040, which were verified by a written declaration that the returns were made under the penalties of perjury and were filed with the Internal Revenue Service, and which Donald A. Sikma, and his co-conspirators knew to be fraudulent and false as to various material matters, in violation of Title 26, United States Code, Section 7206(1).

12. It was further part of the conspiracy that defendant DONALD A. SIKMA purchased domestic and foreign trusts from co-conspirators, known and unknown, at The Aegis Corporation, for the purpose of defrauding the United States of America, by attempting to fraudulently conceal his assets and income from the Internal Revenue Service (IRS) by placing his assets and income in those trusts and thereby illegally reducing or eliminating his income tax liability.

13. It was further part of the conspiracy that The Aegis Corporation trusts would ap-

4

>point nominee trustees.  At virtually the same time a client transferred assets and/or income to a trust, the Aegis trustee would resign and appoint the client as the new trustee, thus giving the client effective management and control of the assets in the trust and the trust's bank accounts, as well as the full utilization and benefit of the income that had been assigned to the trust.
>
>14.  It was further part of the conspiracy that defendant DONALD A. SIKMA conspired with individuals known and unknown to the grand jury to report income on some of his trust tax returns but then passed this income on to other trusts without taxes ever being paid on the income.
>
>* * *
>
>16.  It was further part of the conspiracy that defendant DONALD A. SIKMA used the Aegis trusts to "lend" to himself, and his children, some of his own untaxed income.

None of these allegations is unduly prejudicial.

The government is required to prove that the defendant knowingly used the trusts with the intent to avoid income tax liabilities.  As such, Federal Rule of Evidence 404(b) permits the use of other acts of misconduct to prove intent and to establish the factual background of the charged offense.  *See generally* **United States v. Chavis**, 2005 WL 2994189, at pp. 7, 9 (7th Cir. 2005); **United States v. Lewis**, 110 F.3d 417, 420 (7th Cir. 1997); **United States v. Murray**, 89 F.3d 459, 462-63 (7th Cir. 1996).  The challenged paragraphs explain the background of the defendant's financial dealings without using any inflammatory or prejudicial terms.

_____

For the foregoing reasons, the Motion to Strike Portions of Count 1 of the Indictment filed by the defendant, Donald A. Sikma, on September 30, 2005 is **DENIED**.

ENTERED this 29th day of November, 2005

                                        s/ ANDREW P. RODOVICH
                                          United States Magistrate Judge