```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION


UNITED STATES OF AMERICA,     )
                              )
Plaintiff,                    )
                              )
vs.                           )    NO. 2:05-CR-40
                              )
DONALD A. SIKMA,              )
                              )
Defendant.                    )
```

## ORDER

This matter is before the Court on Defendant Sikma's Motion to Judge Rudy Lozano for Reconsideration of Magistrate's Denial of Defendant's Motion to Strike Portions of Count I of the Indictment, filed on December 13, 2005. For the reasons set forth below, this motion is **DENIED**.

BACKGROUND

On August 17, 2005, Defendant, Donald A. Sikma, was charged in a 5-count superseding indictment. On September 30, 2005, Defendant filed a motion to strike surplusage from Count I of the superseding indictment. Pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure, Sikma sought to strike the word "successful" in paragraph 1; all of paragraphs 2, 3, 4, 7, 8, 9, 10; the word "abusive" in paragraph 10, paragraph 11b.; and all of paragraphs 12, 13, 14 and 16.

On November 28, 2005, Magistrate Judge Rodovich denied this motion. Then, on December 7, 2005, Sikma filed a motion for reconsideration, which Magistrate Judge Rodovich denied as well.

In the instant motion, Defendant has made the following objections to Magistrate Judge Rodovich's order:

1. Paragraph 11b attempts to charge a conspiracy to violate 26 U.S.C. § 7206(1), but such conspiracy is not cognizable as a matter of law. The Magistrate's order failed to address this issue.
2. Paragraphs 3 and 4 allege acts of omission which are not relevant to either a conspiracy to defraud or a conspiracy to commit a specific offense. The Magistrate's order failed to address this issue.
3. Paragraphs 7,8,9 and 10 allege legal propositions that are for the court to instruct the jury, not for the government to allege and prove as a factual matter. The Magistrate's order failed to address this issue.
4. Paragraphs 12, 13 and 16 allege conduct that, as a matter of law, cannot be a part of a conspiracy to defraud, the only conspiracy in Count I that states a cause of action. The Magistrate's order failed to address this issue.
5. The Magistrate's order states that: "The government is required to prove that the defendant knowingly used the trusts with the intent to avoid income tax liabilities." This is an incorrect statement of the elements of either a conspiracy to defraud or a specific offense conspiracy.
6. The order's incorrect statement of the law is compounded in the handling of the word "abusive" used in paragraph 10 of the indictment. The Magistrate's order states: "The allegation that

>      the trusts created by the defendant
>      were designed to avoid income tax
>      liabilities." It is for that precise
>      reason that the allegation must be
>      struck from the indictment; the
>      "suggestion" is contrary to law is
>      prejudicial and must be struck.

These will be addressed in turn.[1]


DISCUSSION

Standard of Review

Federal Rule of Criminal Procedure 7(d) provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment. . .." The Advisory Committee Notes provide that "[t]his rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment . . . which may, however, be prejudicial." Moreover, legally relevant information is not surplusage. It has been held that motions to strike should be granted "only if the targeted allegations are clearly not relevant to the charge and are inflammatory and prejudicial." *United States v. Andrews*, 749 F. Supp. 1517, 1518 (N.D. Ill. 1990)(citation omitted). Working within this discretionary framework, Magistrate Rodovich denied Sikma's motion to strike.

The Court's review of any orders on nondispositive matters made

---

[1] Notably, Sikma failed to address some of his objections in the instant motion. Thus, only the arguments developed in his motion will be addressed here, as it is not this Court's duty to do a party's research or develop their arguments for them.

by magistrate judges, such as those at issue here, is governed by Rule 72(a) of the Federal Rules of Civil Procedure. Rule 72(a) provides that, "the district court to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

    1)    Paragraph 11b

Sikma argued that this paragraph attempts to charge a conspiracy to violate 26 U.S.C. section 7206(1), but such a conspiracy is not cognizable as a matter of law. Simply, Sikma complains that this paragraph fails to state an offense and further complains Magistrate Judge Rodovich did not address this issue. Paragraph 11b states:

> 11.    Beginning on or about March 1994 and continuing through on or about December 2002, in the Northern District of Indiana and elsewhere,
>          DONALD A. SIKMA
> defendant herein, did unlawfully, willfully and knowingly conspire, confederate and agree with individuals known and unknown to the grand jury to:
>          * * *
> b.    commit offenses against the United States, namely: to willfully make and subscribe to United States Individual income tax returns, Form

-4-

> 1040, which were verified by a written declaration that the returns were made under the penalties of perjury and were filed with the Internal Revenue Service, and which Donald A. Sikma, and his co-conspirators knew to be fraudulent and false as to various material matters, in violation of Title 26, United States Code, Section 7206(1).

Sikma must remember the context in which his argument is lodged. He requested to strike surplusage from the indictment pursuant to Rule 7(d). Surplusage is "[e]xtraneous, impertinent, superfluous, or unnecessary matter." BLACK'S LAW DICTIONARY, p. 1443 (1990). Clearly, Sikma is not arguing that paragraph 11b is merely surplusage, and, therefore, the Court cannot say Magistrate Judge Rodovich acted in clear error in not addressing the issue pursuant to Sikma's request under Rule 7(d). Moreover, as Sikma has failed to show both irrelevance and undue prejudice, this Court can not say Magistrate Judge Rodovich abused his discretion in opting not to strike this paragraph.

   2)   Paragraphs 3 and 4

Sikma argues that these paragraphs should be stricken because they merely allege acts of omission, which are irrelevant to the charged offense. Paragraphs 3 and 4 provide:

> 3. For the years 1999 through 2002, Sikma Plumbing Company Inc. did not file federal corporate income tax returns, Form 1120.

-5-

> 4. For the years 2000 through 2002, Donald A. Sikma did not file federal Individual Income Tax Returns, Form 1040.

Paragraphs 3 and 4 set forth that Sikma and Sikma Plumbing Company, Inc. did not file federal income tax returns. The Court cannot say, at this juncture, that Sikma's filing history, both personal and corporate, are clearly prejudicial, irrelevant or inflammatory. As such, the Count cannot find Magistrate Judge Rodovich acted in clear error in not striking these paragraphs. Therefore, these paragraphs will not be stricken. *Andrews*, 749 F. Supp. at 1518.

   3)   Paragraphs 7, 8, 9 and 10

   Paragraphs 7, 8, 9 and 10 provide:

> 7. For federal income tax purposes, a trust is a form of ownership where the trustee takes title to property to conserve and protect the property for the benefit of the beneficiaries.
> 8. For federal income tax purposes, in a non-grantor trust, a person or grantor places property or assets in the trust and gives up control over the property or assets.
> 9. For federal income tax purposes, a legitimate trust, a trustee holds legal title to the trust property, he or she exercises control over the property and is responsible for property management for the benefit of the beneficiaries of the trust.
> 10. For federal income tax purposes, in an abusive trust, grantors retain complete use and control over trust assets and there is no independent trustee who exercises control over the

trust assets.

Here, Sikma argues that these paragraphs are legal propositions for the court to instruct the jury, not for the Government to allege and prove.  Be that as it may, Sikma wholly fails to cite any legal authority that would support striking paragraphs 7, 8, 9 or 10.  As such, the Court cannot find that Magistrate Judge Rodovich acted in clear error in not striking these paragraphs.

In the alternative, Sikma requests this Court to strike the word "abusive" in paragraph 10.  However, Magistrate Judge Rodovich ruled on this issue and Sikma has failed to convince the Court that Magistrate Judge Rodovich's ruling was either clearly erroneous or contrary to law.

4) Paragraphs 12, 13, and 16

Sikma complains that these paragraphs allege conduct that cannot be a part of a conspiracy to defraud and, therefore, must be stricken. Notably, paragraphs 12, 13, and 16 set forth:

> 12. It was further part of the conspiracy that defendant DONALD A. SIKMA purchased domestic and foreign trusts from co-conspirators, known and unknown, at The Aegis Corporation, for the purpose of defrauding the United States of America, by attempting to fraudulently conceal his assets and income from the Internal Revenue Service (IRS) by placing his assets and income in those trusts and thereby illegally reducing or eliminating his income tax liability.
> 13. It was further part of the conspiracy

-7-

> that The Aegis Corporation trusts would appoint nominee trustees. At virtually the same time a client transferred assets and/or income to a trust, the Aegis trustee would resign and appoint the client as the new trustee, thus giving the client effective management and control of the assets in the trust and the trust's bank accounts, as well as the full utilization and benefit of the income that had been assigned to the trust.
>
> * * *
>
> 16. It was further part of the conspiracy that defendant DONALD A. SIKMA used the Aegis trusts to "lend" to himself, and his children, some of his own untaxed income.

Again, Sikma must remember the context in which his argument is lodged- a motion to strike surplusage. As such, the onus is on him to show that the alleged surplusage is both irrelevant and prejudicial, which he has failed to do. Therefore, the Court cannot say that Magistrate Judge Rodovich's refusal to strike these paragraphs was either clearly erroneous or contrary to law.


5)   Paragraph 14

Paragraph 14 provides:

> 14. It was further part of the conspiracy that Defendant DONALD A. SIKMA conspired with individuals known and unknown to the grand jury to report income on some of his trust tax returns but then passed this income on to other trusts without taxes ever being paid on the income.

Sikma asserts that the conduct described in this count is legal and, therefore, cannot constitute a part of a conspiracy.  Unfortunately, Sikma again fails to cite any legal authority to demonstrate that this paragraph is both irrelevant and unduly prejudicial.  Thus, the Court cannot find Magistrate Judge Rodovich's refusal to strike this paragraph as clearly erroneous.

Ultimately, Sikma carries a heavy burden and the Court is not convinced that Magistrate Judge Rodovich made any clear errors in his November 29, 2005, order.  Notably, the decision to strike surplusage is discretionary and the Court cannot say, based upon what was presented in the instant motion, that Magistrate Judge Rodovich abused that discretion.

CONCLUSION

For the reasons set forth above, Defendant Sikma's Motion to Judge Rudy Lozano for Reconsideration of Magistrate's Denial of Defendant's Motion to Strike Portions of Count I of the Indictment is **DENIED**.


**DATED:   January 9, 2006**         /s/RUDY LOZANO, Judge
                                     **United States District Court**